Filed 11/13/20  P. v. Butler CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B302305 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA477764) |
| v. | |
| ROBERT BUTLER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael D. Abzug, Judge.  Reversed and remanded.

G. Martin Velez, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Michael Katz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury found Robert Butler guilty of simple assault. On appeal, he contends the trial court erred by admitting evidence of uncharged acts. Because we agree that the erroneous admission of prior uncharged acts prejudiced Butler, we reverse the judgment on that ground.

## BACKGROUND

An information charged Butler with assault with a deadly weapon. At Butler's jury trial, a restaurant employee testified that on May 10, 2019 she was sweeping outside the restaurant where she worked. Butler approached her from behind and grabbed her hand. He left, taking her broom with him. When the employee told the restaurant's security guard what had happened, he followed Butler and asked what he was doing. Butler ignored the guard and walked past him. Following Butler, the guard asked again what he was doing. Butler broke the brush off the broom and swung the steel handle at the guard, yelling at the guard to leave him alone. The guard sprayed Butler with pepper spray, but Butler kept swinging the broom handle, so the guard sprayed him again. The guard pulled out his baton, but Butler knocked it from his hand and struck the guard with the broom handle. The guard chased Butler to an alley where Butler pulled out a small knife and swung it at the guard, who then drew his gun. Butler walked away, and the guard called the police. Butler hid in a dumpster but was found and arrested. A knife was not recovered.

Butler committed a similar act two years earlier, in 2017. At that time, a shopping mall security guard had been instructed that Butler was not allowed on the premises. When the shopping mall security guard saw Butler on the premises, he told Butler he

was not allowed there. Butler pointed a knife at the guard, who backed away and said he was calling the police.

Based on this evidence, a jury found Butler not guilty of assault with a deadly weapon but guilty of simple assault (Pen. Code,[1] §§ 240, 241, subd. (a)). On November 4, 2019, the trial court sentenced Butler to 180 days in county jail with credit for time served.[2]

## DISCUSSION

Over Butler's objection, the trial court admitted the shopping mall security guard's testimony that in 2017 Butler pulled a knife on him when he told Butler not to enter the premises. The trial court found that the evidence was relevant to show a common plan or design. That is, when a security officer confronts Butler, Butler loses his temper and tries to strike the officer with a weapon. Hence, the trial court admitted the evidence under Evidence Code section 1101, subdivision (b).

However, evidence a defendant committed misconduct other than that currently charged is inadmissible to prove the defendant's propensity to commit the charged crime. (Evid. Code, § 1101, subd. (a).) Such evidence may be admissible if it is relevant to prove, among others, motive, opportunity, intent, preparation, knowledge, identity, absence of mistake or accident,

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

[2] Before trial, on day zero of 10, Butler moved to represent himself. Judge Laura F. Priver denied the motion as untimely without reviewing the factors in *People v. Windham* (1977) 19 Cal.3d 121. ~(rt b1-2)~ Because we reverse on another ground, we do not address whether the motion was erroneously denied.

3

or common plan or scheme.  (Evid. Code, § 1101, subd. (b).)  There must be some degree of similarity between the charged and uncharged crimes, but the degree of similarity depends on the purpose for which the evidence is presented.  (*People v. Gutierrez* (2018) 20 Cal.App.5th 847, 859.)  The least degree of similarity between the charged and uncharged crimes is required to support an inference of intent, while a greater degree of similarity is required for common design or plan.  (*Ibid.*)

To be relevant as a common design or plan, the uncharged act must demonstrate not merely a similarity in the results but such a concurrence of common features to indicate the existence of a plan rather than a series of similar spontaneous acts.  (*People v. Edwards* (2013) 57 Cal.4th 658, 712.)  The plan need not be distinctive or unusual but need only support the inference the defendant employed that plan in committing the charged crime.  (*Ibid.*; see, e.g., *People v. Vargas* (2020) 9 Cal.5th 793, 819 [robberies followed pattern]; *People v. Jackson* (2016) 1 Cal.5th 269, 304 [common plan of attacking elderly women late at night alone in homes in same neighborhood].)

Here, Butler's 2017 assault with a knife on a security guard and 2019 assault with a knife on a security guard are not evidence of a common plan.  A plan is a scheme that is directed by design.  (*People v. Ewoldt* (1994) 7 Cal.4th 380, 396 & cases cited therein.)  There was no evidence that Butler had a scheme to confront security guards and to pull knives on them.  Indeed, the 2019 incident did not begin with such a confrontation.  It began with Butler taking a restaurant employee's broom.  The security guard then followed Butler, who told the guard to leave him alone.  When the guard pursued him, Butler responded by

swinging a knife at him. A *response* to a situation is not the same as a *plan* to create a situation.

This case is therefore more like *People v. Sam* (1969) 71 Cal.2d 194. During the charged crime in that case, the defendant stomped his foot on the victim's stomach during an alcohol-fueled fight. (*Id.* at p. 199.) The prosecution introduced evidence of two prior acts to show a common plan or scheme. Both prior acts concerned drunken quarrels between the defendant and the victims during which the defendant kicked the victims. (*Id.* at p. 200.) The trial court reasoned that the defendant's universal tendency to kick people with whom he has a confrontation established a common scheme. (*Id.* at p. 204.) The Supreme Court rejected that reasoning and found no connecting link between the charged and uncharged acts. (*Id.* at p. 205; accord, *People v. Scheer* (1998) 68 Cal.App.4th 1009, 1021.) Instead, the acts were independent of each other and spontaneous. (*Sam*, at p. 205.)

Here too the uncharged and charged acts were independent and spontaneous. The trial court therefore erred by admitting evidence of the 2017 uncharged act. Moreover, the error was prejudicial. The "erroneous admission of prior misconduct evidence does not compel reversal unless a result more favorable to the defendant would have been reasonably probable if such evidence were excluded." (*People v. Scheer*, *supra*, 68 Cal.App.4th at pp. 1018–1019; see generally *People v. Watson* (1956) 46 Cal.2d 818.) Here, notwithstanding the trial court's limiting instructions[3] and the jury's acquittal on the charged greater

---

[3] The trial court gave two limiting instructions. First, before the shopping mall security guard testified about the prior

offense of assault with a deadly weapon, there is a reasonable probability of a better outcome in the absence of evidence of the uncharged offense.

As the verdict shows, the jury was unconvinced that Butler assaulted the security guard with a knife. Indeed, the evidence was that Butler took the restaurant employee's broom and was

---

uncharged act, the trial court instructed the jury: The People are about to present evidence that the defendant committed "another offense in 2017 that is not charged in this case. If you decide that the defendant committed the uncharged offense in 2017, you may but are not required to consider that evidence for the limited purpose of deciding whether the defendant had a plan or a scheme to commit the offense alleged in this case which occurred in 2019. [¶] In evaluating this evidence, consider the similarity or lack of similarity between the uncharged offense in 2017 and the acts charged in the offense in 2019 for which you are required to reach a verdict. [¶] Do not consider this evidence for any other purpose except the limited purpose of determining whether the defendant had a common plan as between the two offenses. Do not conclude from this evidence that the defendant has a bad character or is disposed to commit a crime. [¶] If you conclude that the defendant committed the uncharged offense in 2017, that conclusion is only one fact you must consider along with all the evidence, which is not sufficient by itself to prove that the defendant is guilty of the assault with a deadly weapon in 2019. [¶] The People must still prove that charge beyond a reasonable doubt."

The trial court gave a second limiting instruction when submitting the case to the jury: "The People have presented evidence that the defendant committed another offense in 2017 that was not charged in this case. You may consider this evidence only if the People have proved by a preponderance of the evidence that the defendant, in fact, committed the offense in 2017."

leaving when the security guard followed and confronted Butler, who told the security to leave him alone. When the security guard continued to pursue Butler, the situation escalated. Moreover, a knife was not recovered. The jury therefore could have relied on this evidence or some combination of it to conclude Butler was not guilty of the greater offense. (See generally *Stevens v. Parke, Davis & Co.* (1973) 9 Cal.3d 51, 67–68 [jury may weave cloth of truth from evidence].) However, evidence of Butler's 2017 altercation with the shopping mall security guard may have swayed the jury that Butler had a propensity for violence, even if not necessarily a propensity to use a weapon.

The specter of Butler's propensity for violence was further highlighted by the restaurant employee's reference to another prior bad act. On cross-examination, she testified that Butler did not hit her. To clarify the record, the trial court asked the restaurant employee, "Did the man hit you?" She answered, "No, I thought he was going to hit me [¶] . . . [¶] . . . [b]ecause he had hit me before." Defense counsel objected, and the trial court instructed the jury that to the extent the restaurant employee referred to an earlier incident, that testimony was stricken. Even though the trial court struck the testimony, the prosecutor then reinforced the intimation that Butler was a problem by eliciting that the day of the incident was not the first time the restaurant employee had seen Butler. He had been around "five times because they are always going around from here to there." The security guard then confirmed that Butler had been coming to the restaurant for about a month.

The restaurant employee's statement that Butler had previously hit her, coupled with evidence of the 2017 uncharged offense, showed that Butler had a propensity for violence. The

7

trial court's curative measures were insufficient to overcome the prejudice to Butler.

## DISPOSITION

The judgment is reversed.  The matter is remanded for a retrial, at the People's election, on simple assault.  If the People elect not to retry Robert Butler, then the trial court shall dismiss the information.

NOT TO BE PUBLISHED.


DHANIDINA, J.


We concur:



LAVIN, Acting P. J.



EGERTON, J.


8